# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-30058
Summary Calendar

CLAITOR'S LAW BOOKS AND
PUBLISHING, INC.,

Plaintiff-Appellant,

versus

THE KRAUS ORGANIZATION LIMITED;
BERNAN ASSOCIATES,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
(93-CV-252)

May 29, 1996

Before POLITZ, Chief Judge, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

Claitor's Law Books and Publishing, Inc. appeals the grant of an adverse summary

judgment in favor of The Kraus Organization, Ltd. and its subsidiary Bernan Associates

(hereafter "Kraus"). For the reasons assigned, we affirm.

<u>Background</u>

In 1988 Kraus began purchasing reprints of the Internal Revenue Service Cumulative

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Bulletin and the Reports of the Tax Courts of the United States from Claitor's. Kraus then distributed these reprints to subscribers. This routine continued until August of 1991 when a change in the Government Printing Office's pricing policy made it more profitable for Kraus to make direct purchases from the GPO.

During 1991 Claitor's sought to sell its publishing business, hiring the brokerage firm of Henry Ansbacher, Inc. ("HAI") to assist in that endeavor. Kraus was one of the prospective buyers. As such, in April 1992 Kraus signed an agreement by which it committed itself to restrict the use of any confidential information received in the course of negotiations solely to the acquisition decision. The agreement specifically excepted any publicly available information.

Shortly thereafter Kraus received a booklet, prepared by Claitor's and HAI, describing Claitor's publishing division. This booklet detailed how Claitor's had obtained nearly two-thirds of the IRCB and Tax Courts Reports market. Kraus reviewed the booklet but declined the purchase, proceeding with its plans to acquire the two publications directly from the GPO under its new pricing policy, reproducing same in-house, and distributing to its subscribers.

Claitor's responded by filing the instant complaint alleging breach of contract, unjust enrichment, unfair trade practices, and misappropriation of trade secrets. In due course the district court granted summary judgment to the defendants; Claitor's timely appealed.

Analysis

Claitor's first contends that it received insufficient notice that the defendants' motion, styled as a motion to dismiss for failure to state a claim,[1] would be treated by the district court as a motion for summary judgment.[2] Claitor's maintains that it was deprived of the

---

[1]Fed.R.Civ.P. 12(b)(6).

[2]Fed.R.Civ.P. 56.

2

procedural protections of Rule 56, in particular an opportunity to file a timely response addressing the extra-pleadings evidence considered by the court.[3] The record reflects that in its opposition to the defendants' motion, which specifically refers to matters *dehors* the pleadings, Claitor's sought an opportunity to file a memorandum challenging the propriety of summary judgment. The district court subsequently ordered, under the pertinent local rules, that the parties file supplemental memoranda addressing the existence *vel non* of genuine issues of material fact.[4] It is manifest that Claitor's had adequate notice that the motion to dismiss would be converted to one for summary judgment. Claitor's had the requisite opportunity to respond; this assignment of error lacks merit.

Claitor's next challenges the grant of summary judgment on its merits; our review of the record is *de novo*.[5] Claitor's contends that Kraus entered the subject market because it had been given restricted confidential information detailing the profits to be realized from reprinting the IRCB and Tax Courts Reports. As the district court found, however, this information was otherwise available to Kraus, which already knew: (1) the GPO price; (2) their own costs to reprint other government documents; and (3) the price Claitor's charged for the reprints. Nothing more need be known. Claitor's has presented nothing to rebut the proposition, contained in submissions by the defendants, that Kraus's decision to reprint these documents was prompted by the changes in the GPO pricing policy, and not by

---

[3]**Jackson v. Procunier**, 789 F.2d 307 (5th Cir. 1986).

[4]On September 8, 1995, more than three months before the district court rendered judgment, Claitor's filed a memorandum entitled "Statement of Material Facts as to Which There Exists a Genuine Issue to be Tried and Denial of Defendants' 'Rule 2.01' Statement of Uncontested Facts." This was recognized in the trial court's memorandum order, which notes that "[d]efendants have submitted materials extrinsic to the pleadings, and both parties have complied with Local Rules regarding summary judgment by filing statements of the material facts they contend are and are not in dispute, respectively."

[5]**Weyant v. Acceptance Ins. Co.**, 917 F.2d 209 (5th Cir. 1990).

access to any confidential information furnished by Claitor's or HAI in the sale negotiations.

The district court did not err and its judgment is AFFIRMED.